IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HARVEY SMITH                                    )
                                               )
        v.                                      )          NO. 3:08-0964
                                               )
STATE OF TENNESSEE, NASHVILLE                   )
TN BOARD OF PROBATION AND PAROLE                )


TO:    Honorable Todd J. Campbell, Chief District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 30, 2008 (Docket Entry No. 5), the Court referred the above captioned action to the Magistrate Judge to enter a scheduling order, for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss filed by Defendants Gary Tullock and the Tennessee Board of Probation and Parole (filed January 6, 2009; Docket Entry Nos. 13-14). The Plaintiff has responded in opposition. See Docket Entry No. 17. Set out below is the Court's recommendation for resolution of the action.


## I. BACKGROUND

The Plaintiff is currently an inmate confined at the West Tennessee State Prison. See Docket Entry No. 18. At the time he filed this action on August 25, 2008, he was incarcerated within the

Mississippi Department of Corrections at the Mississippi State Prison ("MSP") in Parchman, Mississippi, where he was serving a fifteen year sentence. See Complaint (Docket Entry No. 1), at 1.

The Plaintiff asserts that, on April 24, 2008, a detainer was lodged against him by the State of Tennessee Board of Probation and Parole ("TBOP") as a result of a parole violation warrant.[1] Id. at 2 and Docket Entry No. 1-1, at 8. The Plaintiff contends that the detainer interfered with his ability to participate in correctional programs in Mississippi, prevented him from being eligible for "trusty" status, and prevented him from earning sentence credits which affected the length of his confinement in Mississippi. He appears to have filed an affidavit and motion with the TBOP on or about May 5, 2008, requesting to either be returned to Tennessee for a hearing or to have the detainer dismissed, but the TBOP apparently did not respond to the motion. See Docket Entry No. 1, at 1, and Docket Entry No. 1-1, at 1-5. The Plaintiff subsequently wrote a letter to Gary Tullock of the TBOP,[2] dated July 30, 2008, requesting that "parole violation detainer time" be run concurrently with the sentence he was serving in Mississippi and that the detainer be removed. See Docket Entry No. 1-1, at 6-7. There is no indication that Mr. Tullock or anyone from the TBOP responded to this letter.

The Plaintiff then filed the instant action. He does not specifically set out a claim under any federal statute or assert a basis for federal jurisdiction and merely styles his complaint as a "Federal

---

[1] The Plaintiff asserts that the same detainer had been lodged against him in 1999 or 2000. See Docket Entry No. 1, at 2. However, the alleged lodging of the detainer in 1999 or 2000 does not appear to be the focus of his complaint.

[2] According to the Defendants, Mr. Tullock is the Director of Field Services for the TBOP. See Docket Entry No. 14, at 1.

Claim for Contempt." See Docket Entry No. 1, at 1. He contends that the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2, § 2, and his Sixth Amendment rights have been violated and that the TBOP is in "federal contempt." Id. at 5. The only defendant named in the complaint is the "State of Tennessee, Nashville, TN Board of Probation and Parole."[3] However, the Plaintiff provided summons to the Clerk for several individuals who were not named in the complaint, specifically, Gary Tullock and four persons who are apparently employees of the Mississippi Department of Corrections - Pamela Robertson, Mrs. White, Ms. Hudson, and James Brewer. Of these individuals, only Gary Tullock has been served with process.

In lieu of an answer, Defendants TBOP and Tullock have filed the pending motion to dismiss.[4] They contend that the action warrants dismissal under Rule 12 of the Federal Rules of Civil Procedure because the Plaintiff fails to state a claim against them upon which relief can be granted. Defendant Tullock asserts that the Plaintiff fails to allege any facts showing the personal involvement of Defendant Tullock in any wrongdoing, and the TBOP argues that the Plaintiff's allegations against it are conclusory. Both defendants contend that the Plaintiff fails to allege any viable due process claims against them to the extent that he is complaining that parole revocation proceedings were insufficient. See Defendants' Supporting Memorandum Of Law (Docket Entry No. 14).

---

[3] The docket for the action reflects that the Plaintiff also named the State of Tennessee as a separate defendant. However, the only defendant listed in the style of the complaint is the "State of Tennessee, Nashville, TN Board of Probation and Parole," which the Court construes as identifying only the TBOP.

[4] Although Gary Tullock is not specifically named as a defendant in the complaint, he has filed a motion to dismiss as if he were properly named. Therefore, the Court has referred to TBOP and Tullock as "defendants" throughout this Report and Recommendation.

3

In response, the Plaintiff has filed a motion to dismiss the Defendants' motion (Docket Entry No. 17). The Plaintiff asserts that his Sixth Amendment right to a speedy parole hearing was violated, that the 180 day period has run for the TBOP to hold a parole revocation hearing, and that the TBOP has waived its right to object to his arguments regarding the detainer because they failed to respond to the timely requests he made to the TBOP in May and June, 2008 to either give him a parole hearing or remove the detainer. See Docket Entry No. 17.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the Plaintiff's favor, and construe the complaint liberally in favor of the pro se Plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, __ L.Ed.2d __ (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential

4

allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. ANALYSIS

The action should be dismissed for the reasons stated in the Defendants' motion and for other additional reasons.

To the extent that the Plaintiff asserts claims under 42 U.S.C. § 1983 against Defendant Tullock for violations of his civil rights, he fails to allege facts supporting such claims. The Complaint fails to include any facts showing the personal involvement of Defendant Tullock in any alleged wrongdoing. The only mention of Defendant Tullock is the Plaintiff's allegation that he wrote a letter to Tullock to which the Plaintiff did not receive a response. However, this single allegation is insufficient to support a constitutional claim. Individual liability under Section 1983 can only be based upon facts showing the personal involvement of the defendant in the alleged violation of a constitutional right. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The Plaintiff must show that defendant Tullock personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). There are simply no such facts alleged in the complaint. Accordingly, all claims against Defendant Tullock warrant dismissal.

5

The Plaintiff also fails to set forth facts showing that the TBOP violated any constitutional provision. The Sixth Amendment's speedy trial protections do not apply to parole revocation proceedings. See Bennett v. Bogan, 66 F.3d 812, 818 (6th Cir. 1995); United States v. Tippens, 39 F.3d 88, 89 (5th Cir. 1994). Although the due process protections of the Fourteenth Amendment do apply to parole revocation proceedings, Morrissey v. Brewer, 408 U.S. 471, 480-82, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Plaintiff fails to assert any due process claims in his complaint.

To the extent that the Plaintiff complains that provisions of the IAD[5] have been violated, he fails to assert claims under Section 1983. The United States Supreme Court has held that the IAD does not apply to detainers which are issued based on parole violation charges. Carchman v. Nash, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); White v. U.S., 1997 WL 205615 (6th Cir. Apr. 24, 1997); Riddell v. Kentucky Parole Bd., 1989 WL 108110 (6th Cir. Sept. 21, 1989). Thus, the Plaintiff's allegation that he was not given a parole revocation hearing within 180 days of making requests to the TBOP for a hearing and his allegations of other unspecified violations of the IAD do not state claims upon which relief can be granted.[6]

Finally, it appears from the change of address notice filed by the Plaintiff (Docket Entry No. 18) that he has been returned to confinement in Tennessee. As such, the current status of his

---

[5] Although the State of Tennessee adopted the provisions of the IAD in the Interstate Compact on Detainers Act, Tenn. Code Ann. § 40-31-101, the State of Mississippi is not a party-state to the IAD. See Robinson v. Mississippi State Bd. of Probation and Parole, 2007 WL 325795 (S.D. Miss. Jan. 31, 2007).

[6] If the Plaintiff's complaint were construed to be a petition for habeas corpus relief under 28 U.S.C. § 2254, it would likewise warrant dismissal. Claims based on alleged violations of the IAD are not cognizable in habeas corpus proceedings under Section 2254 absent exceptional circumstances, and no such exceptional circumstances are shown here. See Reed v. Farley, 512 U.S. 339, 352, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994); Browning v. Foltz, 837 F.2d 276, 283 (6th Cir. 1988); Metheny v. Hamby, 835 F.2d 672, 675 (6th Cir. 1987).

parole violation proceedings are unclear and his request to be returned for a parole revocation hearing may have in fact become moot.

To the extent that the Plaintiff attempted to serve additional individuals in this action by virtue of including them in the service packets he returned to the Clerk, there is no indication that any of these individuals, except for Defendant Tullock, were served with process in the action. Accordingly, if they are viewed as being a part of the action, dismissal of the Plaintiff's claims against them under Rule 4(m) of the Federal Rules of Civil Procedure would be appropriate. Furthermore, because none of these individuals is mentioned in the complaint, any claims against them would warrant dismissal for the same reason as dismissal of the claims against Defendant Tullock is warranted.

## R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that the Defendants' Motion (Docket Entry No. 13) to Dismiss be GRANTED, the Plaintiff's Motion to Dismiss (Docket Entry No. 17) be DENIED, and this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106

S.Ct. 466, 88 L.Ed.2d 435  (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


Respectfully submitted,


JULIET  GRIFFIN
United States Magistrate Judge


8